IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

        v.                                                                                         Criminal No: 2:93cr131-5

**SAMUEL CLIVE PHILLIPS,**

    **Defendant.**

## ORDER & OPINION

This matter is before the Court on Defendant Samuel Clive Phillips' Motion to Reduce Term of Imprisonment Pursuant to Rule 35 and 18 U.S.C. § 3582(c) ("Defendant's Motion").[1] The Defendant has filed the motion pro se. For the reasons set forth in this Order, the Defendant's Motion under Rule 35 is **DENIED**. The Defendant's Motion under 18 U.S.C. § 3582(c) is **GRANTED**. Defendant is **RE-SENTENCED** in accordance with the revised base offense level. However, because Defendant's revised base offense level mandates a life sentence, his sentence remains unchanged.

### I. PROCEDURAL HISTORY

Defendant was convicted by a jury on February 28, 1994 of three counts of a twenty count indictment, including: Conspiracy to Distribute and Possess with Intent to Distribute

---

[1] Petitioner states his grounds for relief under 18 U.S.C. § 3582(B); however, that section does not state the language quoted in his Motion. Accordingly, the Court will construe his Motion consistent with the Motion's quoted text, which falls within §§ 3582(b)(2) (providing for sentences to be adjusted under Rule 35 of the Federal Rules of Criminal Procedure) and 3582(c)(2).

Cocaine Base (Count 1); Possess with Intent to Distribute Cocaine Base (Count 14); and Use and Carry a Firearm During and in Relation to Drug Trafficking Crimes (Count 15).  Defendant was sentenced under a base offense level of 47, including an offense level of 42 for the substantive crimes, a victim-related enhancement of 2, and a leadership role enhancement of 3.  Presentence Investigation Report ("PSR") Worksheet A.  In the judgment filed on May 23, 1994, the Court sentenced Defendant to imprisonment for two terms of life to run concurrently on Counts 1 and 14, plus sixty (60) months to run consecutively on Count 15, followed by five (5) years of supervised release.  Defendant appealed and the Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and sentence on September 13, 1995.  Defendant filed a petition for writ of certiorari with the Supreme Court, which was denied on March 18, 1996.  On April 28, 1997, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Court denied Defendant's motion on July 7, 1997.  Defendant appealed the denial and the Appellate Court dismissed his appeal on March 17, 1998.

Defendant filed a Motion to Reduce Term of Imprisonment under Rules 35 and 18 U.S.C. § 3582(c) with this Court on October 14, 2003.  The Court dismissed Defendant's Motion.  It found Rule 35 inapplicable to his claim, and determined that he was essentially filing a time-barred successive petition under 28 U.S.C. § 2255.  The Court fo Appeals for the Fourth Circuit denied his appeal on March 11, 2005.

The present Motion was filed by Defendant on June 7, 2006, to which the Government replied on June 8, 2006.  Defendant's rebuttal was filed on June 15, 2006.[2]  Defendant asserts

---

[2]Subject to defect for failing to provide a certificate of service.

that his sentence should be reduced from a life sentence to 108-135 months under Amendment 505 to the Sentencing Guidelines.

## II. ANALYSIS

Defendant makes his Motion pursuant to Federal Rules of Criminal Procedure, Rule 35 and 18 U.S.C. § 3582(c)(2). Only his claim pursuant to § 3582(c)(2) has merit.

### 1. RULE 35

Defendant claims that he is entitled to a reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure. Defendant's Motion 1. He fails, however, to cite any argument in support of this claim. Rule 35 states that unless a motion is made by the United States, indicating that Petitioner has provided substantial assistance to the Government in the investigation or prosecution of other persons, the Court loses the power to modify any sentence seven days after the sentence is imposed. FED.R.CRIM.P. 35. Defendant does not argue that any statute permits the modification, and Rule 35 is not implicated in this case because the Government has not filed a motion based upon Defendant's assistance. Defendant's claim under Rule 35 is therefore **DENIED**.

### 2. MOTION PURSUANT TO 18 U.S.C. 3582(C)(2)[3]

United States Code, Title 18, Section 3582(c)(2) authorizes a "district court to reduce the sentence imposed on a defendant who has been sentenced to a term of imprisonment based on a

---

[3]Defendant argues that Booker supports his claim for a reduced sentence; however, the holding of Booker is inapplicable to motions made pursuant to § 3582(c)(2). See United States v. Rolle, 2006 U.S. App. LEXIS 1942, No. 05-7554, at *1 (4th Cir. Jan. 25, 2006) (unpublished) (holding that relief based on Booker is unavailable under § 3582(c)(2)); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2May 15, 2006005). Therefore, his claim under Booker has no merit.

3

sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004). According to Application Note 1 to § 1B1.10(c), "eligibility for consideration under [] § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Thus, in order to apply an amendment to the Guidelines retroactively, the amendment must be identified as retroactive in § 1B1.10(c).

*1. Amendment 505*

Amendment 505 is retroactive. U.S.S.G. § 1B1.10(c). Amendment 505 was effective November 1, 1994, and amended U.S.S.G. § 2D1.1(c), the Drug Quantity Table. The amendment changed the level at which possession of various drug weights was to be sentenced under the guidelines. U.S.S.G. App. C amend. 505. Specifically, it states:

> The commentary to 2D1.1. captioned "Application Notes" is amended in note 16 by deleting "40" and inserting in lieu thereof "38"' by deleting "35" wherever it appears and inserting in lieu thereof in each instance "33"; and by deleting "4 levels" and inserting in lieu thereof "2 levels". Id.

"This amendment sets the upper limit of the Drug Quantity Table in § 2D1.1 at level 38. . . . [because] [t]he Commission has determined that the extension of the Drug Quantity Table above level 38 for quantity itself is not required to ensure adequate punishment given that organizers, leaders, managers, and supervisors of such offenses" will otherwise receive enhancements for their role in the offense or where the individual carries a weapon. Id. The amendment, however, does not foreclose the possibility that the court may make upward departures in an "extraordinary case." Id.

*2. Analysis*

4

In his Motion to Reduce Term of Imprisonment pursuant to 18 U.S.C. § 3582(c)(2), Defendant claims that his guideline range has been reduced by Amendment 505 to the Sentencing Guidelines. Defendant's Motion 6. Defendant was sentenced under a base offense level of 47. PSR Worksheet A. He contends, however, that the guidelines, as amended, require a base offense level of 28 with a three point increase for a leadership or supervisory role, resulting in an offense level of 31. Id.; U.S.S.G. § 2D1.1(c).[4] Defendant requests that the Court retroactively apply Amendment 505 to United States Sentencing Guideline §1B1.10(c) and apply the appropriate reduction in sentence. Id.

Pursuant to amendment 505 of the United States Sentencing Guidelines and considering the factors set forth in 18 U.S.C. § 3553, the Court exercises its discretion to lower Defendant's base offense level based on drug quantities from 42 to 38. This changes Defendant's final offense level from 47 to 43. See U.S.S.G. App. C amend. 505. This does not, however, entitle him to a reduction of sentence, because the sentence is the same as that which he is currently serving: life. Guidelines Manual Ch. 5, Part A. Thus, while the base offense level is reduced to 43, Defendant's sentence is unaffected by Amendment 505.

The Court thus **GRANTS** Defendant's Motion to adjust his sentence in accordance with Amendment 505, reducing the base offense level for his crime to 43. Because the guidelines mandate a life sentence for crimes with a base offense level of 43, however, Defendant is **RE-SENTENCED** to life in prison commensurate with the revised offense level.

---

[4]While the Defendant is correct that Amendment 505 is applicable to his case, he miscalculates his base offense level under the amendment. This Court should apply the base offense level dictated by the guidelines – 38 – rather than that cited, without support, by the Defendant.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion under Rule 35 is **DENIED**. Defendant's Motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is **GRANTED**. Defendant is accordingly **RE-SENTENCED** to life in prison under Amendment 505 to 2D1.1 of the United States Sentencing Guidelines.

The Clerk is **REQUESTED** to mail a copy of this Order to Defendant.

Defendant is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

It is so **ORDERED**.

                                                    /s/
                                  HENRY COKE MORGAN, JR.
                              UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
September 11, 2006